IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Yuting Chen,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANGEL QUEEN OFFICE CHAIR et al.,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

　　　　Yuting Chen ("Plaintiff") hereby brings the present action against ANGEL QUEEN OFFICE CHAIR et al., with the list identified on Schedule A attached hereto as Exhibit 1 (collectively, "Defendants"). Defendants have infringed, and continue to infringe, the claimed design of Plaintiff's United States Design Patent No. D1,068,419 S ("Asserted Patent" as further defined below) by having manufactured, importing, offering for sale, and selling the wrenches that copied the design of the Asserted Patent ("Infringing Products") through online commerce platforms including, but not limited to, Amazon, Temu, and Walmart ("Online Marketplaces"), in direct competition with the product sold by Plaintiff without authorization. In support of its claims, Plaintiff alleges as follows:

**NATURE OF ACTION**

　　　　1.　　Plaintiff is the owner of U.S. Patent No. D1,068,419 S titled WRENCH. The patent was created by improving the design of similar products. It was filed on Jan 8, 2025 and issued on April 1, 2025, and is valid and enforceable. A true and correct copy of the patent is attached hereto as Exhibit 2.

1

2.  Recently, Plaintiff have discovered some fully interactive, and active e-commerce stores were promoting, advertising, marketing, distributing, offering for sale, and selling products using unauthorized Asserted Patent through at least the fully interactive e-commerce stores operating under the seller aliases identified in Schedule A, which are the intended Defendants.

3.  This Complaint sets forth claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

4.  Plaintiff Yuting Chen is an individual reside in the People's Republic of China that doing business online.

5.  The product is a wrench to adjust misalignment displacement of the door by adjusting the resistance of the hinge to ensure the door will not swing too freely or stiffly. Declaration of Yuting Chen, ¶ 2.

6.  There were previously some products with similar functions in the market, but Plaintiff upgraded the design of the product by adding stripes on the handle to provide friction and apply modular design on the wrench to fit for different doors. Declaration of Yuting Chen, ¶ 3.

7.  Plaintiff began to sell the product with the improved design of the Asserted Patent in August 2024, which is earlier than all known Defendants, who, on information and belief, began to sell Infringing Products no earlier than in October 2024. Declaration of Yuting Chen, ¶ 4-5.

8.  Defendants are individuals, partnerships, unincorporated associations, and/or business entities of unknown makeup, each of whom, upon information and belief, reside or operate in foreign jurisdictions and manufacture, distribute, import, offer for sale, and/or sell products, including Defendants' Products, from the same or similar sources in those foreign

locations. As stated above, Defendants and any known aliases are identified in Schedule A attached hereto and incorporated here.

9. On information and belief, defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure Rule 17(b). Certain Aliases under which Defendants operate their e-commerce stores are not linked or associated to the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that Defendants employed such tactics to conceal their identities and true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding the Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a)-(b).

11. The Personal jurisdiction over a non-resident of the state in which the Court sits is proper to the extent authorized by the state's laws. Fed. R. Civ. P. 4(e).

12. Pennsylvania authorizes personal jurisdiction over each Defendant pursuant to Section 5322 of the Pennsylvania Consolidated Statutes, Title 42, which provides in relevant part:

> (a) General Rule. --A tribunal of this Commonwealth may exercise personal jurisdiction over a person … who acts directly or by an agent, as to a cause of action or other matter arising from such person:
>
> (1) Transacting any business in this Commonwealth. [A]ny of the following shall constitute transacting business for the purpose of this paragraph:

>> (i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.
>
>> (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.
>
>> (iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.
>
>> (iv) The engaging in any business or profession within this Commonwealth…
>
> \*\*\*
>
> (3) Causing harm or tortious injury by an act or omission in this Commonwealth.
>
> (4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.
>
> \*\*\*
>
> (10) Committing any violation within the jurisdiction of this Commonwealth of any statute, …or rule or regulation promulgated thereunder by any government unit.
>
> (b) Exercise of full constitutional power over nonresidents. --In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

4

42 Pa. Cons. Stat. § 5322.

13. Federal Rule of Civil Procedure 4(k) confers personal jurisdiction over the Defendants because Defendants regularly conduct, transact, and/or solicit business in Pennsylvania and in this judicial district and, upon information and belief, derive substantial revenue from their business transactions in Pennsylvania and in this judicial district. Defendants have availed themselves of the privileges and protections of the laws of Pennsylvania, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process. Defendants should reasonably expect that their acts of Patent Infringement in Pennsylvania would subject them to legal action in Pennsylvania and this judicial district. For example:

a. Upon information and belief, at all relevant times, Defendants have directed their business activities at consumers in Pennsylvania via Online Marketplaces through which consumers in Pennsylvania can view Defendants' Online Stores; communicate with Defendants regarding Defendants' Products; and place orders for, purchase, and receive delivery of Defendants' Products in Pennsylvania.

b. Defendants are sophisticated sellers through Online Marketplaces, each operating one or more commercial businesses through which Defendants operate Online Stores to promote, advertise, distribute, offer for sale, and sell Defendants' Products which are imported into the United States.

c. Defendants (although foreign entities) accept payment in U.S. Dollars and offer shipping to Pennsylvania and this judicial district (and calculate tax based on sales into Pennsylvania and this judicial district).

d. Upon information and belief, Defendants have cooperated, communicated, shared information, and/or coordinated their efforts in order to create a marketplace for Defendants' Products that operate in parallel to the legitimate marketplace of Plaintiff and third parties authorized to sell products embodying the limitations of the claims of the Asserted Patent, including employing and benefitting from substantially similar paid advertising, marketing, and/or advertising strategies (e.g., search engine optimization or "SEO") to make their Online Stores appear more relevant and target a consumer searching for relevant terms of the infringing subject matter. By their actions, in addition to the damages associated with unauthorized use of the Asserted Patent, Defendants are causing concurrent and indivisible harm to Plaintiff and the consuming public by: (1) depriving Plaintiff of its right to fairly compete for space within the various Online Marketplaces' search results and reducing the visibility of Plaintiff's product in the various Online Marketplaces; (2) diluting and eroding the retail market price for Plaintiff's product; (3) causing overall degradation of the brand value and/or good will associated with Plaintiff's product and devices embodying the claims of the Asserted Patent generally; and (4) increasing Plaintiff's cost to market its goods and educate consumers about Plaintiff's product.

e. Defendants are concurrently targeting their Patent Infringement in, and causing harm in, Pennsylvania.

f. Defendants reside and/or operate in foreign jurisdictions with lax patent enforcement systems and are coordinate their illegal stream of infringing goods and share information about enforcement efforts through public websites, like that for SellerDefense, operated from a non-United States domain.

g. Defendants regularly remove and add products from their Online Stores, making it extremely difficult to enforce Plaintiff's intellectual property rights under the laws of the United States.

h. Upon information and belief, Defendants are aware of Plaintiff and the Asserted Patent, and are aware that their infringement is likely to cause harm to Plaintiff in the United States, Pennsylvania, and this judicial district. Plaintiff is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' Patent Infringement.

14. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400(b): Defendants do not reside in the United States and are subject to venue in any district. Further, Defendants solicit business from this judicial district and conduct and transact business in this judicial district. The evidence of Defendants conducting business and making sales in Pennsylvania is attached as Exhibit 4.

## DEFENDANTS' UNLAWFUL CONDUCT

### A. Defendants' conduct with respect to patent infringement

15. As set forth herein, this Complaint sets forth claims for (1) patent infringement arising under the patent laws of the United States, Title 35 of the U.S. Code; and (2) false or misleading descriptions of fact, and/or false or misleading representations of fact, under the Lanham Act, 15 U.S.C. § 1125(a).

16. Defendants, through their Patent Infringement, are directly and unfairly competing with Plaintiff's economic interest and causing harm in the Commonwealth of Pennsylvania, including without limitation within this jurisdiction.

17. Defendants are acting knowingly and intentionally or at least with reckless disregard or willful blindness to Plaintiff's rights in the Asserted Patent.

18. If Defendants' Patent Infringement is not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed. Declaration of Yuting Chen, ¶ 6.

**B. Defendants' use of Online Marketplaces, Online Storefronts, and Seller IDs**

19. As noted above, Defendants' Products are sold through Online Marketplaces.

20. Defendants direct their business activities toward consumers in the United States, including in this judicial district, through their operation of pseudo-anonymous online commerce storefronts ("Online Storefronts") available in Online Marketplaces.

21. Defendants' Online Storefront use seller identifiers set forth in Schedule A ("Seller IDs") and other aliases not yet known to Plaintiff.

22. To sell through Online Marketplaces, Defendants must register, establish or purchase, and maintain Online Storefronts and Seller IDs associated therewith.

23. Upon information and belief, Defendants engaged in fraudulent conduct with respect to the registration of their Online Storefronts and Seller IDs by providing false and/or misleading information to the operators of the Online Marketplaces during the registration or maintenance process related to their respective Seller IDs.

24. Upon information and belief, Defendants anonymously registered and maintained Seller IDs for the sole purpose of engaging in unauthorized, deceptive, and infringing activities, without regard for United States laws.

25. Upon information and belief, Defendants will continue to register or acquire new Seller IDs and aliases for the purpose of offering for sale and selling Defendants' Products unless enjoined.

26. Defendants' business names, Seller IDs, associated payment accounts, and any other aliases used in connection with the sale of Defendants' Products are essential components of Defendants' online activities and are the means by which Defendants perpetuate their infringement scheme and harm Plaintiff.

27. Plaintiff confirmed that each Defendant was, and is currently, offering for sale and selling Defendants' Products to the consuming public via Defendants' Online Storefronts using their Seller IDs.

28. Defendants purposefully directed some portion of their unlawful activities toward consumers in Pennsylvania, including this judicial district, through their marketing, distribution, importation, offer for sale, sale, and/or shipment of Defendants' Products into this judicial district.

29. All Defendants can and will ship Defendants' Products to consumers in Pennsylvania, including this judicial district.

30. Plaintiff purchased at least one product from each Defendant with shipment thereof to this judicial district.

**C. Defendants' patent infringement**

31. Defendants' Patent Infringement includes (1) direct infringement, (2) indirect infringement, and/or (3) offers to sell infringing products.

32. Plaintiff has not granted any license or otherwise authorized any Defendant in this action to manufacture, distribute, import, offer for sale, and/or sell Defendants' Products.

33. Below is a comparison of Plaintiff's patented product and examples of some representatives of Defendants' products in their respective online shops:



34. Defendants' Products are (1) substantially identical to each other and the same as the design of the Asserted Patent; and (2) substantially identical to Plaintiff's product such that consumers are likely to be confused.

35. Thus, Defendants' sale of Defendants' Products not only infringes the Asserted Patent but also is likely to confuse the consuming public and erode confidence in the industry as a

whole. *See Aquapaw Brands LLC v. Yan Peng, et al.*, No. 2:21-cv-01784-CCW, ECF No. 62, p. 5 (W.D. Pa. Jul. 29, 2022) ("[D]eciding whether a product is the 'same' for purposes of joinder under § 299 entails applying a less exacting standard than simply looking to whether a defendant's product is literally identical to the product it allegedly copies" (citing *In re Apple Inc.*, 650 App'x 771, 774 (Fed. Cir. 2015); "[W]hile some of Defendants' products are superficially different from each other's (e.g., different colors or different shapes of the rubber nubs), the products are the same in all respects relevant to the patent.").

36. Defendants are proper joinders of the action at this preliminary pre-discovery stage. Under Rule 20 of Federal Rules of Civil Procedure, multiple parties may be joined in one action as defendants if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.

37. In the Third Circuit, joinder is proper when the claims arise out of the same transaction and also involve a question of law and fact common to both claims. *Philadelphia Dressed Beef Co. v. Wilson & Co.*, 19 F.R.D. 198, 200. "This rule is cumulative, and a plaintiff must show a right to relief presenting common questions of law or fact and involving the same transaction, occurrence or series of transactions or occurrences." *Id.* Despite the challenges in obtaining the true identities of the Defendants due to their use of Aliases and the lack of stringent identity verification by third-party platforms, Plaintiff has observed that Defendants share unique identifiers that suggest a strong connection between them[1]. These identifiers include the use of

---

[1] The unique identifiers are not just common elements visible in ordinary online stores. The Court shall not assume coincidence between Defendants and construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))

similar marketing strategies, consistent elements in the design and decor of their e-commerce stores, identical or similar payment methods, and similar product descriptions, prices, and images.

38. Joinder in patent cases is governed by 35 U.S.C. § 299, which allows joinder if: (1) relief relates to the offering for sale or selling of the same accused product or process; and (2) questions of fact common to all defendants will arise in the action. *See* 35 U.S.C. § 299(a).

39. "[D]eciding whether a product is the 'same' for purposes of joinder under § 299 entails applying a less exacting standard than simply looking to whether a defendant's product is literally identical to the product it allegedly copies." *In re Apple Inc.*, 650 F. App'x 771, 774 (Fed. Cir. 2015). Here, this is not a case where joinder is sought based solely on allegations that each defendant has infringed the same patent. Instead, the accused products looks substantially the same as Plaintiff's product, from the online advertisements to the product itself. This illustrates that the Defendants (and the accused products) have been properly joined under 35 U.S.C. § 299(a).

40. Defendants' importation, offering for sale, and/or selling Defendants' Products in the United States all arise from the same transaction, occurrence, or series of transactions or occurrences. Specifically, Defendants are all importing, offering to sell, and selling products believed to be made by the same foreign manufacturer, the identity of which is unknown to Plaintiff and concealed by Defendants. For example, Defendants' Amazon listings for Defendants' Products do not identify the true "manufacturer" of Defendants' Products but, rather, misleadingly identify the seller as the "manufacturer," deceiving the consuming public as to the source of the goods sold (and preventing Plaintiff from identifying the party responsible for the manufacture of Defendants' Products).

41. Defendants are not licensees to the Asserted Patent, pay no royalties on sale of Defendants' Products, and cause price erosion through the sale of Defendants' Products to Plaintiff's detriment.

42. Defendants manufacture, import, sell, and/or offer for sale Defendants' Products without authorization and in direct competition with Plaintiff's product.

43. The harm and damages sustained by Plaintiff has been directly and proximately caused by Defendants' Patent Infringement in the United States, including in this judicial district.

**D. Concealment of funds obtained from patent infringement**

44. Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit funds from Defendants' Patent Infringement and False Marketing connected to their Seller IDs and/or any other alias online commerce stores, seller identification names, domain names, or websites being used and/or controlled by them.

45. Upon information and belief, Defendants are likely to transfer or hide their assets to avoid payment of any monetary judgment awarded to Plaintiff as experienced by Plaintiff's owner previously in another case with similar foreign sellers. *See DDC Technology, LLC, v. SHENZHENTAIFEIKEJIYOUXIANGONGSI (D/B/A THAFIKZI), et al*., No.: 2:24-cv-00006-WSH (W.D. Pa.) (ECF No. 62, p. 16).

46. Given the likelihood that Defendants will simply transfer funds from their accounts and open new product listings to continue selling Defendants' Products, Plaintiff has no adequate remedy at law.

47. Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' patent infringement.

## COUNT I

### Infringement of the Asserted Patent 35 U.S.C. § 271

48. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

49. Plaintiff is the owner of the Patent. Plaintiff's exclusive rights include the rights to issue licenses, to reproduce, to distribute copies of, to display, and to authorize the creation of derivative works based on the Asserted Patent.

50. Defendants have infringed Plaintiff's Asserted Patent by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products in the United States without authorization or license from Plaintiffs.

51. Defendants have profited by their infringement of the Asserted Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement. Defendants' conduct has at all times been willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff.

52. Defendants have infringed the Asserted Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.

53. Plaintiff is also entitled to recover damages adequate to compensate for the losses caused by the infringement, which in no event less than a reasonable royalty for Defendants' infringement of the Asserted Patent, together with interest and costs. See 35 U.S.C. § 284.

54. Pursuant to 35 U.S.C. §289, Plaintiff also seeks the remedy to the extent of Defendants' total profit from the Infringing Products.

55. Defendants' direct and indirect infringement of the Asserted Patent has injured Plaintiff and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, importation, offer for sale, and sale of Defendants' Products in the United States.

56. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Patent Act, including damages that Plaintiff has sustained as a result of Defendants' unlawful actions as alleged herein, enhanced discretionary damages, and reasonable attorneys' fees and costs.

57. To the extent Defendants' Products did not literally infringe the Asserted Patent, Plaintiff contends that Defendants' Products infringed under the doctrine of equivalents as argued above because Defendants' Products performed substantially the same function in substantially the same way to obtain the same result as one or more claims of the Asserted Patent.

## COUNT II
### Violation of the Lanham Act 15 U.S.C. § 1125(A)

58. Plaintiff realleges and incorporates by reference paragraphs 1 through 55, inclusive, as though fully set forth herein.

59. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

60. Defendants have violated the Lanham Act through the conduct identified herein as shown by customer reviews in Exhibit 3. Defendants are providing inferior products with misrepresentations regarding the characteristics and qualities of the products, hence damaging the image of all similar products in the market, including Plaintiff's. The customer reviews exhibit how the descriptions were falsified and did not fit the truth.

61. Defendants are marketing Defendants' Products through unfair, deceptive, and fraudulent means in violation of 15 U.S.C. § 1125(a).

62. Defendants' False Marketing occurred, and is occurring, in interstate commerce through the Online Marketplaces.

63. Specifically, Defendants have made, and continue to make, false and/or misleading descriptions of fact and/or false and/or misleading representations of fact about the nature, characteristics, and/or qualities of Defendants' Products.

64. The foregoing unfair and deceptive conduct by Defendants has caused, and will continue to cause, individual, concurrent, and indivisible harm to Plaintiff and the consuming public, including without limitation, (1) depriving Plaintiff of its right to fairly compete for space within the various Online Marketplaces' search results and reducing the visibility of Plaintiff's products in the various Online Marketplaces; (2) diluting and eroding the retail market price for Plaintiff's product; (3) causing overall degradation of the value of goodwill associated with Plaintiff's product and any product embodying the claims of the Asserted Patent generally; and (4) increasing Plaintiff's overall cost to market its goods and educate consumers about Plaintiff's product.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

(a) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing product;

(b) aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing product; and

(c) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Taobao, T-Mall (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the infringing product;

(3) That Plaintiff be awarded such damages proven at trial against Defendants that are adequate to compensate Plaintiffs for Defendants' infringement of the Asserted Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284.

(4) That the amount of damages awarded to Plaintiffs to compensate Plaintiffs for infringement of the Asserted Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

(4) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and

(5) Award any and all other relief that this Court deems just and proper.

Dated July 4, 2025.

>Respectfully submitted
>By: /s/ *Huicheng Zhou*
>Bar No. 350005
>Phone: 909-284-1929
>2108 N ST STE #8330
>Sacramento, CA 95816
>Huicheng.zhou@aliothlaw.com
>*Attorney for Plaintiff*